SMALLS, David J., et al.

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, United States of America.

Civ. A. No. 86–1145.

United States District Court, E.D. Pennsylvania.

March 21, 1988.

Mark R. Cuker, Philadelphia, Pa., for plaintiffs.

Susan Dein Bricklin, Asst. U.S. Atty., Philadelphia, Pa., Jay Tidmarsh, Dept. of Justice, Washington, D.C., for U.S.E.P.A.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Pending before the court is defendant's contested motion to dismiss plaintiffs' com-

plaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted or in the alternative for summary judgment. For the reasons set forth below, defendant's motion to dismiss will be granted.

Jurisdiction is based upon 28 U.S.C. § 1346(b) and the claims of this action are brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA") by more than 150 homeowners and tenants who live adjacent to the Clearview Landfill located in Philadelphia, Pennsylvania. According to the complaint, the United States Environmental Protection Agency (the "EPA") contracted with Graves Resource Management Company (hereinafter "Graves") to transport hazardous waste from EPA sites in Duluth, Minnesota and Haverford, Pennsylvania to a permitted hazardous waste disposal facility in Emelle, Alabama. Graves allegedly transported the waste to a facility at Clearview Landfill in Philadelphia, Pennsylvania. Plaintiffs are seeking damages because they claim that the hazardous waste deposited by Graves has been released into the soil, ground water and air surrounding the landfill causing damage to and diminishing the value of their real property and leaseholds.

Plaintiffs' complaint alleges causes of action based upon theories of negligence, nuisance and strict liability. The strict liability claim was dismissed by order dated September 30, 1986. Plaintiffs' counsel acknowledges that the only claim upon which plaintiffs now rely is the one premised upon negligence. In support of the negligence claim plaintiffs allege that the EPA was negligent in (i) entrusting Graves with the removal, transportation and disposal of hazardous waste when it knew or should have known that he was not qualified to do this work; (ii) failing to use reasonable care in supervising the work entrusted to Graves including checking and verifying all manifests for hazardous waste; and (iii) failing to assure that Graves would not dispose of the hazardous waste at Clearview Landfill. *See* Plaintiffs' Complaint at pg. 29.

In its motion to dismiss defendant contends that the challenged conduct involves discretionary functions, and thus the agency is immune from suit under the FTCA. The EPA argues that because the discretionary function exception is jurisdictional, this court lacks subject matter jurisdiction and is without authority to grant the requested relief of monetary damages.

Under the FTCA, the government waives its sovereign immunity and permits parties to sue to recover for injuries attributable to the negligent conduct of government employees acting within the scope of their employment. However, this waiver is subject to the discretionary function exception which provides in pertinent part that:

The provisions of this chapter and section 1346(b) of this title shall not apply to—

(a) any claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused 28 U.S.C. § 2680(a).

■ The exception bars suits which challenge an administrator's decision to initiate programs and activities as well as shielding decisions made as to how to implement or establish such plans. *Dalehite v. United States*, 346 U.S. 15, 35–36, 73 S.Ct. 956, 967–68, 97 L.Ed. 1427 (1953). In a more recent discussion of the discretionary function exception, the Supreme Court identified certain factors to be considered in determining whether the discretionary function exception is applicable:

First, ... the basic inquiry concerning the application of the discretionary function exception is whether the challenged acts of a Government employee—whatever his or her rank—are of the nature and quality that Congress intended to shield from tort liability.

Second, ... the discretionary function exception ... plainly was intended to encompass the discretionary acts of the Government acting in its role as a regu-

lator of the conduct of private individuals.

*United States v. S.A. Empresa de Viacao Aerea Rio Grandense,* 467 U.S. 797, 813–14, 104 S.Ct. 2755, 2764, 81 L.Ed.2d 660 (1984) ("Varig Airlines") (footnote omitted). Following the Supreme Court's decision in *Varig,* the Third Circuit has consistently held that the discretionary function exception exempts the United States from claims based upon discretionary planning level acts and omissions, discretionary operational level acts and omissions and non-discretionary operational level acts and omissions taken in furtherance of planning level discretionary decisions. *Berkovitz v. United States,* 822 F.2d 1322, 1329 (3d Cir.1987) (U.S. App. pending).

■ Plaintiffs have made 3 claims in response to defendant's motion to dismiss. First, plaintiffs' claim the EPA was negligent in selecting Graves to transport hazardous waste and in supervising his work. The EPA decision regarding the selection and supervision of a private contractor who assists the EPA in carrying out a project, i.e., transportation and disposal of toxic waste definitely involves the exercise of an administrator's discretion and judgment in spending funds and executing a federal project. *See Dalehite, supra.* Thus, the EPA's selection of Graves, the terms of the contract, and the amount of supervision exerted over Graves clearly involved the exercise of discretion and is the type of conduct Congress intended to shield from tort liability through the discretionary function exception.

■ Plaintiffs' second claim is that EPA's specifications require that a contractor be in compliance with EPA regulations as well as federal and state law.[1] Graves, the contractor in this case, was not in compliance with Pennsylvania state law according to plaintiffs because he did not possess a valid Pennsylvania EPA transporter identification number[2] or a permit to operate a hazardous waste storage facility at Clear-

view Landfill, as required by 25 Pa.Code §§ 75.263(b), 75.262(c)(4). Thus, plaintiffs claim the selection of Graves in violation of EPA specifications was a non-discretionary act, not within the discretionary function exception, because compliance with the regulation is a required act and not a discretionary one. The FTCA specifically provides, however, that the discretionary function will apply "whether or not the discretion involved by abused" and the Third Circuit has held that an agency's promulgation of a regulation specifying standards governing a matter subject to regulation does not, without more, preclude the application of the discretionary function exception. *See Berkovitz, supra,* at 1329. Plaintiffs' claim is similar to that made in *Varig* and *Berkovitz, i.e.* that the EPA had a non-discretionary duty to verify that a private party, Graves, complied with applicable EPA regulations and either failed to insure that compliance or were negligent in monitoring such compliance. Significantly, the failure to adequately assure compliance with regulations did not preclude the application of the discretionary function exception in *Varig* and *Berkovitz* and similarly does not prevent application of the discretionary function exception in the case at bar.

■ Furthermore, plaintiffs' argument would require that each discretionary planning level decision be broken down into its component parts and each stage tested to determine if the discretionary function exception applies to it. The Third Circuit has rejected this approach in *Smith v. Johns Manville Corp.,* 795 F.2d 301, 308–09 (3d Cir.1986) where the court stated that "[t]he position that agency decisions can be broken down into component parts is fundamentally at odds with the Court's teaching in *Dalehite. . . .* The test is not whether the government actually considered each possible alternative in the universe of options, but whether the conduct was the type associated with the exercise of official discretion." 795 F.2d at 308–09.

---

**1.** *See* Plaintiffs' answer in opposition to defendant's motion to dismiss, Exhibit K, in which EPA states that "our specifications require that prospective contractors furnish proof of RCRA, EPA and state compliance requirements".

**2.** Graves did, however, have an EPA New Jersey transporter identification number.

Plaintiffs' final argument is that the EPA, in selecting Graves, violated a federal statute which requires compliance with state law made applicable to the United States by virtue of the federal statute, 42 U.S.C. § 6961.[3] According to plaintiffs the discretionary function exception may preclude a tort action based upon the EPA's compliance with its own regulations, however, violation of an act of Congress, it is argued, is non-discretionary.

■ While this theory was not advanced in plaintiffs' complaint, it is appropriate to address it now. Plaintiffs concede, as they must, that 42 U.S.C. § 6961 provides only for injunctive relief. This statute, like the FTCA, does not waive the sovereign immunity of the United States from a suit for money damages allegedly caused by the government's failure to properly carry out a discretionary function. Without a waiver of governmental immunity, plaintiffs fail to state a claim upon which relief can be granted under either 42 U.S.C. § 6961 or the FTCA.

Thus, I conclude that the acts complained of by plaintiffs in this action fall squarely within the discretionary function exception as stated in *Dalehite,* restated by the Court in *Varig Airlines* and as applied by the Third Circuit in *Berkovitz, Smith,* and other cases because the conduct complained of is the type of discretionary activity which clearly Congress intended to shield from tort liability. Accordingly, defendant's motion to dismiss will be granted.

---

**3.** 42 U.S.C. § 6961 provides in pertinent part that:

Each department, agency, and instrumentality of the executive, legislative, and judicial branches of the Federal Government (1) having jurisdiction over any solid waste management facility or disposal site, or (2) engaged in any activity resulting, or which may result, in the disposal or management of solid waste or hazardous waste shall be subject to, and comply with, all Federal, State, interstate, and local requirements, both substantive and procedural (including any requirement for permits or reporting or any provisions for injunctive relief and such sanctions as may be imposed by a court to enforce such relief), respecting control and abatement of solid waste or hazardous waste disposal in the same manner, and to the same extent, as any person is subject to such requirements, including the payment of reasonable service charges. Neither the United States, nor any agent, employee, or officer thereof, shall be immune or exempt from any process or sanction of any State or Federal Court with respect to the enforcement of any such injunctive relief.