SMALLS, David, J., et al., Appellants,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.

No. 88–1275.

United States Court of Appeals,
Third Circuit.

Argued Oct. 5, 1988.

Decided Nov. 9, 1988.

Mark R. Cuker (argued), Slap, Williams
& Cuker, Philadelphia, Pa., for appellants.

Jay Tidmarsh (argued), U.S. Dept. of Justice, Washington, D.C., for appellees.

Before HIGGINBOTHAM,
MANSMANN and GREENBERG,
Circuit Judges.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr.,
Circuit Judge.

This is an appeal from the final order of
the district court in an action, brought pursuant to the Federal Tort Claims Act
("FTCA"), 28 U.S.C. §§ 2671–2680 (1982),
by homeowners and tenants living adjacent
to the Clearview Landfill ("Clearview"), located in Philadelphia, Pennsylvania. The
appellants sought damages from the United States Environmental Protection Agency ("EPA") for diminution in the value of
their property, alleged to have been caused
by the illegal disposal of hazardous waste
at Clearview by an EPA contractor. The
United States District Court for the Eastern District of Pennsylvania granted the
EPA's motion to dismiss for lack of subject
matter jurisdiction based upon 28 U.S.C.
§ 2680(a) (1982),[1] because it concluded that
the acts complained of fell within the discretionary function exception of the FTCA.
In reaching that decision, the district court

---

1. That statute provides in relevant part:
   The provisions of this chapter and section
   1346(b) of this title shall not apply to
      (a) Any claim ... based upon the exercise or
   performance or the failure to exercise or per-

form a discretionary function or duty on the
part of a federal agency or an employee of the
Government, whether or not the discretion
involved be abused.
28 U.S.C. § 2680(a) (1982).

relied upon this Court's decision in *Berkovitz v. United States*, 822 F.2d 1322 (3d Cir.1987), *rev'd* — U.S. ——, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988), which was subsequently reversed by the United States Supreme Court. In the light of that directive by the Supreme Court, we will remand this case to the district court for its reconsideration of appellants' claims.

## I.

Appellants ("Residents") are more than 150 homeowners and tenants who live adjacent to the Clearview Landfill. Their complaint alleged that an EPA hired contractor, Graves Resource Management Company ("Graves"), illegally disposed of hazardous waste in the landfill and that the EPA was liable for those acts because it was negligent in the selection and supervision of Graves. Graves contracted with the EPA to transport and dispose of hazardous waste from the EPA laboratory in Duluth, Minnesota. Graves also subcontracted with Underwater Technics, Inc. ("Underwater"), another EPA contractor, to transport and dispose of waste from a toxic site in Haverford, Pennsylvania, and received seven drums of hazardous material from Underwater between September and November of 1981. The Residents contend that these hazardous materials were disposed of at Clearview Landfill and have been released into the soil, groundwater and air surrounding the site, resulting in the diminution of the value of their properties.

In their complaint, the Residents charged that the EPA had failed to comply with the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.* (1982), which regulates the transportation and disposal of hazardous waste. Under the RCRA, the EPA is authorized to develop regulations applicable to generators, transporters and owners of treatment, storage or disposal ("TSD") facilities. 42 U.S.C. §§ 6922–24 (1982). RCRA also provides that a state may administer its own hazardous waste plan, which has the same force and effect as a federally implemented plan if that program is approved by the Administrator of the EPA. 42 U.S.C. § 6926(b), (d) (1982). Pennsylvania implemented a plan that was approved by the Administrator under the EPA's policy guidelines. It was essentially identical to the federal plan in that it permitted a generator of hazardous waste to release a shipment of such waste only to a licensed transporter or hazardous waste management facility that had received an identification number. 25 Pa.Code § 75.262(c)(4) (1988). The Pennsylvania plan additionally specified that a transporter could not transport hazardous waste without an identification number from Pennsylvania. 25 Pa.Code § 75.263(b)(1) (1988).

The Residents asserted that Graves was not in compliance with this latter requirement and that the EPA was, therefore, in violation of § 6961 of the RCRA, which provides that federal entities engaged in activities that result in the disposal or management of hazardous waste "shall be subject to, and comply with, all Federal, State, interstate, and local requirements...." 42 U.S.C. § 6961 (1982). The Residents claimed that the EPA was negligent in entrusting Graves with removal, transportation and disposal of hazardous waste when it knew or should have known that Graves was not qualified to do the work, and also, for failing to supervise Graves' work adequately. The EPA demurred, for the purposes of summary judgment, to the proposition that Graves' acts constituted negligence. It maintained, however, that its selection and supervision of Graves were discretionary functions and thus exempted from liability under 28 U.S.C. § 2680(a).

After discovery and oral argument, the district court granted EPA's motion to dismiss for lack of subject matter jurisdiction. The court agreed that the conduct complained of fell within the discretionary function exception and that the EPA was thus immune from suit. *Smalls v. Environmental Protection Agency*, 683 F.Supp. 120 (E.D.Pa.1988). On this appeal,

the Residents assert that the discretionary function exception is not applicable to protect the EPA because that agency violated federal and state law, as well as its own policy guidelines that were not subject to the exercise of discretion. We are guided by the clear directive of the Supreme Court, which intervened between the decision of the district court and the argument of this appeal, and in that light, we will vacate the district court's grant of summary judgment.

## II.

In granting the EPA's motion, the district court relied upon this Court's decision in *Berkovitz*. In that case, we held that "an agency's promulgation of a regulation specifying standards governing a matter subject to regulation does not without more make the discretionary function exception inapplicable." *Berkovitz*, 822 F.2d at 1329. The district court concluded that the Residents' claims in this case were similar to those made in *Berkovitz*:

> that the EPA had a non-discretionary duty to verify that a private party, Graves, complied with applicable EPA regulations and either failed to insure that compliance or were negligent in monitoring such compliance. Significantly, the failure to adequately assure compliance with regulations did not preclude the application of the discretionary function exception in ... *Berkovitz* and similarly does not prevent application of the discretionary function exception in the case at bar.

*Smalls*, 683 F.Supp. at 122.

When the district court rendered its judgment in this case, however, an appeal of *Berkovitz* to the United States Supreme Court was pending. Subsequently, the Supreme Court reversed *Berkovitz* and held that "the discretionary function exception will not apply when a federal statute, regulation, *or policy* specifically prescribes a course of action for an employee to follow." *Berkovitz*, 108 S.Ct. at 1958 (emphasis added). In the explication of its rationale, the Supreme Court noted that where such a mandate exists, "the employee has no rightful option but to adhere to the directive. And if the employee's conduct cannot appropriately be the product of judgment or choice, then there is no discretion in the conduct for the discretionary function exception to protect." *Id.* at 1958–59. The Court, thereby, negated the proposition upon which the district court premised its decision, namely, that the EPA was immunized from liability by the discretionary function exception for any damages that resulted from the agency's failure to adhere to the state guidelines for waste disposal.

## III.

For the reasons expressed in this opinion, we will vacate the district court's order granting summary judgment and remand this case to the district court for its reconsideration of the Residents' claims.[2]

---

2. We leave to the discretion of the district court the question of whether further discovery is necessitated by virtue of the Supreme Court's standard articulated in *Berkovitz.*